UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JOHN MOSES,<br><br>Plaintiff,<br><br>v.<br><br>MARIN CORPORATION, et al.,<br><br>Defendants. | Case No. 22-cv-03206-JSC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

**INTRODUCTION**

Plaintiff, an inmate at Napa Valley State Hospital, who is proceeding without representation by an attorney, filed this civil rights complaint under 42 U.S.C. § 1983 against two individuals and the "Marin Corporation." Plaintiff's application to proceed *in forma pauperis* is granted in a separate order. For the reasons explained below, the complaint is dismissed with leave to amend.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon

which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

There are several problems with Plaintiff's complaint. First, Plaintiff's claims against Defendant Paul Haakenson are not cognizable. He does not indicate where Haakenson works or what position he holds, other than stating he is a "demonized clerk." (ECF No. 1 at 3.) Plaintiff alleges that Haakenson committed "treason" and "acts of war and torture," including denying him bail, habeas corpus, due process, as well as California statutes and Supreme Court decisions. (*Id.*) Such claims are conclusory, at best, as there are no allegations explaining how Haakenson deprived Plaintiff of due process, bail, or habeas relief. This does not comply with the requirement that Plaintiff allege enough facts to state a plausible claim for relief. *See Bell Atlantic Corp.*, 550 U.S. at 555. With respect to the statutes and case law, moreover, it is not clear whether Haakenson allegedly deprived Plaintiff of access to them or deprived him of rights afforded by them, and he does not explain how any such deprivation violated his rights under the United States Constitution or other federal law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff may attempt to correct these problems in an amended complaint.

Second, Plaintiff sues another Defendant, James Kim, against whom he only makes the

1   conclusory allegation that Kim "condoned these facts." (ECF No. 1 at 3.) "A plaintiff must allege
2   facts, not simply conclusions, that show that an individual was personally involved in the
3   deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).
4   Plaintiff does not explain who Kim is, whether he is s government official, what facts he
5   "condoned," how he condoned them, or what actions he took that violated Plaintiff's rights. As
6   such, he has not alleged sufficient facts that show Kim's personal involvement in the deprivation
7   of Plaintiff's constitutional rights. Plaintiff may make such allegations in an amended complaint.

8       Third, Plaintiff names "Marin Corporation" as a Defendant, but it is not clear whether this
9   is a private company or a government entity. If there is a private corporation by this name that
10  Plaintiff wishes to sue, he has failed to allege any actions or omissions by this corporation that
11  violated Plaintiff's constitutional rights, private entities are generally not liable under Section
12  1983, *see, e.g., Heineke v. Santa Clara University*, 965 F.3d 1009, 1013 (9th Cir. 2020), and he
13  has not provided the location of this corporation, which is necessary for the United States Marshal
14  to serve it. If Plaintiff means to sue Marin *County*, he must say so, and to state a valid claim for
15  relief against a local government entity, such as Marin County, Plaintiff must allege "(1) that he
16  possessed a constitutional right of which he or she was deprived; (2) that the municipality had a
17  policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights;
18  and (4) that the policy is the moving force behind the constitutional violation." *Oviatt By and*
19  *Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). Plaintiff has not alleged any
20  actions by the county or its employees: the unnamed police officer was a city, not a county,
21  employee, and Plaintiff does not allege that Haakenson or Kim worked for Marin County. In
22  addition, Plaintiff has not alleged any municipal policy or custom that was the moving force
23  behind the actions of these officials. Plaintiff is given leave to file an amended complaint in which
24  he must fix these problems.

25      Lastly, Plaintiff alleges that a San Rafael Police Officer used excessive force against him,
26  but he does not list this officer as a Defendant or identify the officer. If Plaintiff wishes to sue this
27  officer, his amended complaint must include him or her as a Defendant both in the caption of the
28  complaint and in the list of Defendants (see Section II of the Court's complaint form). If Plaintiff

cannot yet identify the officer by name, he must list him using the name "John Doe" or "Jane Doe" until Plaintiff discovers the officer's name.

**CONCLUSION**

For the reasons explained above,

1. The complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff shall file an amended complaint on or before **September 10**, **2022**. The amended complaint must include the caption and civil case number used in this order (No. C 22-3206 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue. <u>If Plaintiff fails to file an amended complaint within the designated time, or if the amendment is not sufficient, the case will be dismissed.</u>

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated: August 10, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge