1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7

DAVID JOHN MOSES,

Plaintiff,

Case No.  22-cv-03206-JSC

v.

**ORDER OF PARTIAL DISMISSAL;
DIRECTING PLAINTIFF TO SUBMIT
NAME OF DEFENDANT "JOHN DOE
ONE"**

MARIN CORPORATION, et al.,

Defendants.

**INTRODUCTION**

Plaintiff, an inmate at Napa State Hospital, who is proceeding without representation by an attorney, filed this civil rights complaint under 42 U.S.C. § 1983.  The complaint was dismissed with leave to amend, and Plaintiff filed a timely amended complaint.  For the reasons explained below, the first amended complaint is dismissed for failure to state a valid claim for relief, with the exception of Plaintiff's claim that Defendant "John Doe One" used excessive force against him during his arrest.  Plaintiff is directed to submit the name of this Defendant, and discovery is opened.

**BACKGROUND**

The amended complaint in large part is confusing and difficult to decipher.  Plaintiff alleges that he is a "American National with Sovereignty" and "a people."  (ECF No. 13 at 2.)  He alleges that the "star-spangled banner" flag with a gold fringe is a "British Admiralty Maritime Flag," and that displaying it constitutes treason and "levying war against the Republic."  (*Id.*)  He makes a variety of incomprehensible allegations regarding birth certificates, Washington D.C., U.S. Citizens being "second-class," the "United States Corporation of 1871," Marin "Corporation," and the "Mason's waterbanking scheme."  (*Id.* at 2-3.)

Plaintiff alleges that he was arrested in a traffic stop by Defendants San Rafael Police

United States District Court
Northern District of California

Officers J. Carpenter, "John Doe One," and "John Doe Two Leland." (*Id.*) He alleges that the arrest constituted "armed assault," and the officers violated his "UCC copywrite enfringement contract," stole his car, and "kidnapped" him when they brought him to the Marin County Jail. (*Id.* at 3-4.) Plaintiff further alleges that on a subsequent occasion, he got into an altercation with Officer "John Doe One" at the dock where he parked his boat. (*Id.* at 4-6.) Plaintiff recounts this altercation in some detail, including the use of force by him and John Doe One. (*Id.*) This led to his arrest, charges against him for battery, obstruction, trespassing, taking a weapon from an officer, and a parking violation, and his incarceration in Marin County Jail. (*Id.*) Plaintiff claims that because the officers were wearing the flag with a gold fringe, the officer's actions amounted to an "act of war," in violation of 18 U.S.C. § 2381. (*Id.*)

Plaintiff alleges that Defendant Marin County District Attorney Lori Fugali and Marin County Superior Court Judge Paul Haakenson are members of the "B.A.R.," which he alleges stands for the "British Accredited Registry." (*Id.* at 6-7.) He contends that Fugali has committed "sedition" and violated his rights to due process and to pursue happiness by failing to "prove her jurisdiction," "put the proper party in standing," "provide an oath of office," "show an injured party," "show damages," or "show a contract [he] violated." (*Id.* at 6.) Plaintiff claims that Haakenson was "masquerading as a Judge/J.A.G.," found him incompetent to stand trial under state law, and ordered him committed to Napa State Hospital (where Plaintiff is currently in custody). (*Id.* at 7-8.) Plaintiff also alleges that Haakenson and Defendant Marin County Sheriff Scardina violated his rights because the flag in Haakenson's courtroom and on Scardina's vest represented the Queen and King of England because it had "two gold fobs" and a gold fringe. (*Id.* at 8-9.) He asserts that Scardina must "quash the false charges" against him and release him from jail. (*Id.* at 9.)

Plaintiff alleges that Defendant "Executive Office sir [sic]" James M. Kim "will use" his case number[1] as a "bill of attainder" to charge him for housing him at the Marin County Jail. (*Id.* at 8-9.) Plaintiff also alleges that while at the jail he was confined to a cell for 23 hours per day

---

[1] This appears to be a state-court criminal case number.

United States District Court
Northern District of California

1 with no direct sunlight or access to nature, received tiny portions of bad food, denied mail, and

2 prevented from receiving two federal tax vouchers.  (*Id.* at 8-9.)

3        Based upon these allegations, Plaintiff seeks release from custody, the "right to bear arms,"

4 travel, and pursue happiness, dismissal of his criminal charges, enforcement of his "UCC

5 copywrite enfringement [sic] contract," an "excessive monetary amount," and a "lifetime

6 stayaway order" against Marin County law enforcement officials.  (*Id.* at 8-9.)[2]

7 <center>**STANDARD OF REVIEW**</center>

8        Federal courts must engage in a preliminary screening of cases in which prisoners seek

9 redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §

10 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of

11 the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief

12 may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.*

13 § 1915A(b).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901

14 F.2d 696, 699 (9th Cir. 1990).

15        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

16 claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

17 statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon

18 which it rests."  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although to

19 state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to

20 provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a

21 formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must

22 be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*,

23 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a

24 claim for relief that is plausible on its face."  *Id.* at 570.  To state a claim that is plausible on its

25 face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the

26

27 ───────────

28 [2] The Court has also received a letter from Plaintiff reiterating the allegations in his complaint, and stating that the conditions at Napa State Hospital are better than those at Marin County Jail.  (ECF No. 11.)

<center>3</center>

1    defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2            To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a

3    right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

4    violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S.

5    42, 48 (1988).

6                                              **LEGAL CLAIMS**

7            Plaintiff's claims challenging the lawfulness of his arrests, the charges against him, his

8    confinement at the jail, and his commitment to Napa State Hospital are not viable.  Plaintiff seeks

9    immediate release from custody based upon these claims.  (ECF No. 10 at 10.)  Habeas is the

10   "exclusive remedy" for the prisoner who seeks "immediate or speedier release" from confinement.

11   *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (internal quotations omitted).  Plaintiff must bring

12   any claims for release from custody in a petition for a writ of habeas corpus, not in a civil rights

13   action.  *See Nelson v. Sandritter*, 351 F.2d 284, 285 (9th Cir. 1965) (the constitutionality of state

14   civil commitment proceedings may be challenged in federal habeas corpus once state remedies

15   have been exhausted).  Accordingly, these claims must be dismissed from this case, but they are

16   dismissed without prejudice, which means Plaintiff may bring them in a petition for a writ of

17   habeas corpus filed in a new case.

18           Plaintiff also seeks money damages based upon these claims.  In order to recover damages

19   for allegedly unconstitutional confinement, or for other harm caused by actions whose

20   unlawfulness would render such confinement invalid, a 42 U.S.C. § 1983 plaintiff must prove that

21   the decision to confine him or her has been reversed on direct appeal, expunged by executive

22   order, declared invalid by a state tribunal authorized to make such determination, or called into

23   question by a federal court's issuance of a writ of habeas corpus.  *See Heck v. Humphrey*, 512 U.S.

24   477, 486-487 (1994); *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1140-42 (9th Cir. 2005) (a civil

25   committee's claim for damages and/or declaratory relief must be dismissed without prejudice

26   under the rationale of *Heck* if success on the claim would necessarily imply the invalidity of the

27   detainee's civil commitment).  Plaintiff's claims challenging the lawfulness of his arrests, the

28   charges against him, and his confinement would, if successful, render such confinement invalid.

United States District Court
Northern District of California

4

United States District Court
Northern District of California

Consequently, these claims for damages will be dismissed without prejudice, meaning he may bring these claims in a new case if and when the decision to confine him in a state hospital gets overturned on appeal or otherwise invalidated.

Plaintiff's allegations regarding the use of force by Defendant San Rafael Police Officer "John Doe One," when liberally construed, may state a valid claim for the use of excessive force during the course of his arrest in violation of his rights under the Fourth Amendment.  Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, there may arise circumstances where the identity of the alleged defendant cannot be known prior to the filing of a complaint, in which case the plaintiff should be given an opportunity through discovery to identify the unknown defendants.  *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  Plaintiff may engage in discovery to identify the name of "John Doe One," and provide it to the Court, as instructed below.

Plaintiff's allegation that Defendant James M. Kim "will" charge him for housing him at the Marin County Jail does not state a valid claim for relief.  Plaintiff does not cite any authority, nor is the Court aware of any, that such charges would violate the federal Constitution or any other federal law.  Moreover, Plaintiff does not allege that he has paid such charges, that his trust account has been charged, or that he has received a bill, invoice, or other notification that he must pay such charges.[3]  His allegation that he will incur charges at some unspecified time, without more, is speculative and as such does not state a "plausible" claim for relief.  *See Twombly*, 550 U.S. at 555 ("factual allegations must be enough to raise a right to relief above the speculative level").  Consequently, this claim does not state a valid basis for relief.

Plaintiff's claim that Defendants violated his rights based on their use of flags with gold fringe are frivolous.  A claim is frivolous if it is premised on an indisputably meritless legal theory or is clearly lacking any factual basis.  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Plaintiff's allegations that the flags in Haakenson's courtroom and on various Defendants' uniforms represent the King and Queen of England because of its gold fringe, and his claims that

---

[3] To the extent Plaintiff's trust account at the jail or state hospital have been charged for restitution or court fees, such charges were not for housing.

1   this somehow violated his rights, are frivolous because they clearly lack any factual basis and are

2   premised on an indisputably meritless legal theory.

3          It is unclear whether Plaintiff means to bring a claim based upon the alleged conditions at

4   the jail, but if he does mean to assert such a claim, he has not stated a valid claim because he does

5   not allege that any of the Defendants were responsible for jail conditions.  Plaintiff names Sheriff

6   Scardina as a Defendant, but he does not sue Scardina for the jail conditions he faced, nor does he

7   allege that he was responsible for such conditions.[4]  At the pleading stage, "[a] plaintiff must

8   allege facts "that show that an individual was personally involved in the deprivation of his civil

9   rights," *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), and that his or her actions

10  both actually and proximately caused the deprivation of a federally protected right, *Lemire v. Cal.*

11  *Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013).  When he was given

12  leave to amend, Plaintiff was informed that he needed to show the personal involvement of any

13  individual Defendant in the violation of his rights.  (ECF No. 8 at 3.)  Plaintiff does not allege how

14  any actions or omissions by Scardina or any other Defendant showing that they were involved in

15  creating the jail conditions he alleges, i.e., the amount of outdoor time, the food, and the mail.  The

16  Court further notes that Scardina is not liable simply because he was the supervisor of the jail staff

17  because under no circumstances is there liability under Section 1983 solely because a Defendant is

18  responsible for the actions or omissions of another.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th

19  Cir. 1989).  Plaintiff has therefore failed to allege "enough facts to state a claim for relief that is

20  plausible on its face" related to the jail conditions.  *Twombly*, 550 U.S. at 591-93.  Further leave to

21  amend is not warranted because Plaintiff has already been given an opportunity to plead this claim

22  sufficiently and he has failed to do so.

23                                        **CONCLUSION**

24          For the reasons discussed above, all of the claims in the first amended complaint are

25  DISMISSED except the claim that Defendant "John Doe One" used excessive force during his

26

27  ---

    [4] Plaintiff only sues Scardina for wearing an improper flag, and he seeks to have Scardina dismiss
28  his charges and release him from jail (where he no longer resides).  (ECF No. 10 at 9-10.)  As
    explained previously, these are not valid claims.

United States District Court
Northern District of California

arrest.  This dismissal is without prejudice as to the claims of false charges, unlawful imprisonment, and false arrest, as explained above.

Within **28 days** of the date this order is filed, Plaintiff must submit the name of "John Doe One" to the Court, and if he does so, service will be ordered upon this Defendant.  Plaintiff may engage in discovery, as permitted by the Local Rules and the Federal Rules of Civil Procedure, to discover the name of Defendant "John Doe One."  If Plaintiff does not submit the name of this Defendant by the deadline, or show cause for an extension of time, the claims against this Defendant will be dismissed without prejudice to Plaintiff filing them in a new case in which he provides this Defendant's name.

**IT IS SO ORDERED.**

Dated: January 27, 2023

JACQUELINE SCOTT CORLEY
United States District Judge